**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Vaughn HOOPER, Defendant-Appellant.**

**No. 27477**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1970.

Pano Stephens (argued), Theodore H. Long, San Francisco, Cal., Charles M. Owens, in pro. per. for appellant.

John Oakes (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of California, John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for appellees.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

Donald L. Malouf, Dallas, Tex. (court-appointed), for appellant; Louis Vaughn Hooper, in pro. per.

Wm. F. Sanderson, Jr., Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The principal contentions in this appeal[1] from a conviction of interstate transportation of falsely made and forged securities, in violation of 18 U.S.C. § 2314, are that appellant's signing of the initial Rule 20 Consent was made without effective consultation with his court-appointed attorney, and that such error because of his agitated condition was not cured by his signing a subsequent Rule 20 Consent. These points were not raised before the district court, and the record does not present sufficient facts for determination of the questions now asserted on direct appeal. Neither were any facts developed concerning the allegations of a purported "trade" with the Assistant United States Attorney for a shorter sentence than that imposed by the District Judge.

The judgment is affirmed, without prejudice to the right of appellant to present his contentions by other proceedings available to him. See Moore v. United States, 5 Cir., 1966, 359 F.2d 852; Tyree v. United States, 5 Cir., 1965, 351 F.2d 611.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.